UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA MADRID,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>  Defendant. | Case No. ED CV 10-1651 PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance benefits ("DIB"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he found that she was not credible. For the following reasons, the Court agrees and remands the case to the Agency for further proceedings consistent with this opinion.

## II. BACKGROUND

Plaintiff applied for DIB on October 15, 2008, alleging that she had been unable to work since March 20, 2002, due to arthritis of the lumbar spine, osteoporosis, hepatitis C, hypertension, depression and

anxiety. (Administrative Record ("AR") 134-39, 161.) The Agency denied the application initially and again on reconsideration. (AR 101-04, 107-11.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 113.) On February 2, 2010, Plaintiff appeared with counsel at the hearing and testified. (AR 45-69.) On April 2, 2010, the ALJ issued a decision, denying benefits. (AR 87-94.) After the Appeals Council denied Plaintiff's request for review (AR 95-98), she commenced this action.[1]

### III. ANALYSIS

Plaintiff argues that the ALJ erred when he found her not credible but failed to cite the reasons why. (Joint Stip. 3-8, 16-18.) For the following reasons, the Court agrees.

ALJs are tasked with judging the credibility of claimants. Where, as here, a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ can only reject the claimant's testimony for specific, clear, and convincing reasons. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996).

Plaintiff claimed that she was unable to work for multiple reasons, including depression and pain in her back, neck, arms, shoulders, and legs. (AR 51, 161.) She alleged that her condition had worsened since her prior application for disability benefits was denied in April 2007. (AR 51.) She testified that she could walk for only one block and sit for only 10 to 15 minutes. (AR 54-55.) She

---

[1] In 2005, Plaintiff had applied for benefits covering essentially the same period. In April 2007, a different ALJ issued a decision denying her application. (AR 73-78.)

also claimed that she could not stand "for any extended periods of time," had difficulty concentrating, and a "bad" memory. (AR 161.)

The ALJ found that Plaintiff was not credible but failed to set forth any reasons why. (AR 93.) Instead, after summarizing the evidence, he simply concluded, without explanation, that Plaintiff's subjective allegations "are not entirely credible pursuant to SSR 96-7p." (AR 93.) The ALJ explained further that "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 93.)

This was error. The ALJ was required to set forth specific, clear, and convincing reasons for finding Plaintiff incredible. *Smolen*, 80 F.3d at 1283-84. His failure to do so warrants reversal and remand.

The Agency disagrees. It attempts to defend the adverse credibility finding by citing several potentially valid reasons the ALJ could have relied on to support it. (Joint Stip. 8-15.) This argument is rejected. The Court cannot affirm the ALJ's decision for reasons he did not set forth in his decision. *See Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991). Instead, the Court looks to the four corners of the ALJ's decision to find the reasons the ALJ stated he based his decision on. Where, as here, there are none, the case must be remanded to allow the ALJ to set forth his reasons.

The Agency also argues that the ALJ was relying on the prior ALJ's decision--who also found that Plaintiff was not credible--to find that Plaintiff was not credible this time. (*See* Joint Stip. 5, 14-15.) In its view, the ALJ's statement that he was considering the

3

entire record and incorporating "[t]he summary of medical and nonmedical evidence contained in the decision issued by" the prior ALJ (AR 91) meant that he was adopting the prior ALJ's credibility finding, too. (Joint Stip. at 14-15.) The Court does not find this argument persuasive. The ALJ's statement that he was incorporating the summary of the evidence does not mean that he was also incorporating the prior ALJ's credibility finding. Nor should such a practice be countenanced. Plaintiff was seeking benefits not only for the period covered by the prior decision but also for a period following the prior decision. If the ALJ believed that Plaintiff was not credible, particularly for the period following the prior decision, he had to say so and explain why. He could not, as the Agency seems to argue, simply conclude that because another ALJ found that Plaintiff was not credible for the period up to the prior decision that she was not credible for subsequent periods as well. Under the Agency's argument, the ALJ in the prior decision would have been making a future credibility decision based on evidence he had never seen or considered. That makes no sense.

For these reasons, remand is warranted for the ALJ to reconsider the credibility determination. If the ALJ again chooses to discount Plaintiff's credibility, he must make findings that are sufficiently clear and specific so that the Court and the parties can understand the reasons for the credibility determination and address any challenges to the ALJ's findings. *See Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991).

Plaintiff asks the Court to remand the case for an award of benefits. (Joint Stip. 18.) The Court recognizes it has the authority to do so, *see McAllister v. Sullivan*, 888 F.2d 599, 603 (9th

4

Cir. 1989), but concludes that such relief is not warranted here. It is not clear from the record that Plaintiff is, in fact, disabled. The Court notes that Plaintiff did not appeal the 2007 denial of her first application for benefits and the Agency has identified several reasons why the ALJ may again discount Plaintiff's credibility on remand, which would obviously lead to another denial. For these reasons, the case is remanded for further proceedings. *See Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (holding remand for further proceedings was appropriate where the record contained additional unanswered questions regarding the applicant's eligibility for benefits).[2]

## IV. CONCLUSION

For these reasons, the Agency's decision is reversed and the action is remanded to the Agency for further consideration consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: October 13, 2011.

/s/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\MADRID, J 1651\Memo_Opinion.wpd

---

[2] Plaintiff argues that the ALJ improperly applied the doctrine of *res judicata* to bar her claim. (Joint Stip. 6-7.) The Court disagrees. Although the ALJ found "that there are no 'changed circumstances' precluding the application of the continuing presumption of nondisability" (AR 88), he did not rely on *res judicata* to deny Plaintiff's application. Instead, he applied the sequential evaluation process and concluded at step four that Plaintiff could perform her past relevant work "based on [Plaintiff's] residual functional capacity and the testimony of the vocational expert," not because the application was barred. (AR 93.)